UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELIJAH ROBINSON,

        Plaintiff,        Civil Action No.: 19-CV-10517
                                 Honorable Mark A. Goldsmith
v.                                  Magistrate Judge Elizabeth A. Stafford

DETROIT POLICE DEPT., *et al.*,

        Defendants.
_____/

**REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT [ECF NO. 24]**

## I.    INTRODUCTION

Elijah Zachary-Lee Robinson, a Michigan prisoner, brought this *pro se* action under 42 U.S.C. § 1983, alleging that the defendants, Officers James Wienceck and L. Dubose, subjected him to false arrest and improperly detained him for several days before he was released. [ECF No. 1]. The Honorable Mark A. Goldsmith referred the case to the undersigned to resolve all pretrial matters under 28 U.S.C. § 636(b).[1] [ECF No. 10]. Robinson moves for summary judgment on his claims. [ECF No.

---

[1] Judge Goldsmith summarily dismissed the Detroit Police Department and Wayne County Jail as entities not subject to this action. [ECF No. 8]. And while Weinceck has answered the complaint and responded to Robinson's motion for summary judgment, Officer Dubose has not been served with the complaint. [*See* ECF No. 22, PageID.78].

24]. The Court recommends that Robinson's motion for summary judgment be denied.

## II.     BACKGROUND

In July 2017, Officers Wienceck and Dubose assisted an undercover unit in making a traffic stop involving the vehicle Robinson was driving. [ECF No. 25-2, PageID.113-114]. The officers observed the vehicle parked at gas station, with Robinson and a passenger inside. [*Id.*]. As Officer Wienceck approached the driver's side of the vehicle, he noticed Robinson drop his right hand toward the floor of the car. [*Id.*]. After Robinson refused to provide his driver's license, Officer Wienceck detained him and the passenger. [*Id.*].

Officer Wienceck then observed a handgun in plain view on the driver's side floor against the center console. [*Id.*]. Robinson was arrested on obstruction and concealed weapon charges. [*Id.*, PageID.107-110]. When at the Detroit Detention Center, Robinson refused to be fingerprinted or photographed. [ECF No. 25-3, PageID.116]. Robinson was charged for his refusal to permit fingerprinting, and the court set a bond for his release during his arraignment on July 11, 2017. [ECF No. 25-4]. He did not post bond and was detained until his July 21, 2017 pretrial hearing. [ECF No. 1, PageID.7]. The charge was dismissed without prejudice in the interest of

justice at the hearing. [ECF No. 25-5].

### III. ANALYSIS

#### A.

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court's function at the summary judgment stage "is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A fact is material if it might affect the outcome of the case under the governing law. *Id.* at 248. The Court must view the factual evidence in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

"A moving party with the burden of proof (typically the plaintiff) faces a 'substantially higher hurdle.'" *Horton v. Greene*, No. CV 16-12715, 2019 WL 2219733, at *3 (E.D. Mich. Feb. 27, 2019), *adopted*, 2019 WL 1552480 (E.D. Mich. Apr. 10, 2019) (quoting *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002)).

> When the moving party does not have the burden of proof on the issue, he need show only that the opponent cannot sustain his burden at trial. But where the moving party has the burden—the plaintiff on a claim for relief or the defendant on an

3

affirmative defense—his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party.

*Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (internal citations and quotation marks omitted). Thus, "summary judgment in favor of the plaintiff is inappropriate when the evidence is susceptible to different interpretations by the trier of fact." *Horton*, 2019 WL 2219733 at *3 (citation and internal quotation marks omitted).

**B.**

False arrest claims under both federal and Michigan law require a plaintiff to prove that the arresting officer lacked probable cause to arrest him. *Wright v. City of Euclid, Ohio*, 962 F.3d 852, 872 (6th Cir. 2020); *Peterson Novelties, Inc. v. City of Berkley*, 259 Mich. App. 1, 18 (2003). Citing the police report, Wienceck contends that the visible handgun in Robinson's vehicle provided probable cause to arrest him for carrying a concealed weapon. [ECF No. 25-2, PageID.107-109]. For evaluating Robinson's motion for summary judgment, the Court must presume that the information in the police report is true. *Scott*, 550 U.S. 380. Thus, the Court cannot find as a matter of law that probable cause for an arrest was lacking, and summary judgment for Robinson on his false arrest claim should be denied.

4

## C.

In his motion for summary judgment, Robinson refers to the criminal proceedings against him as being resolved in his favor. [ECF No. 24, PageID.84]. In his response, Wiencek notes that this language suggests that Robinson is advancing a malicious prosecution claim, but that he made no such claim in his complaint. [ECF No. 1; ECF No. 25, PageID.99]. Even if Robinson had pleaded a malicious prosecution claim, summary judgment in his favor on that claim would not be warranted.

"The Sixth Circuit 'recognizes a separate constitutionally cognizable claim of malicious prosecution under the Fourth Amendment, which encompasses wrongful investigation, prosecution, conviction, and incarceration.'" *Wright*, 962 F.3d at 875 (quoting *Sykes v. Anderson*, 625 F.3d 294, 308 (6th Cir. 2010). To succeed on a malicious prosecution claim, a plaintiff must prove:

> (1) that a criminal prosecution was initiated against him and that the defendant made, influenced, or participated in the decision to prosecute; (2) that there was a lack of probable cause for the criminal prosecution; (3) that, as a consequence of a legal proceeding, he suffered a deprivation of liberty apart from the initial seizure; and (4) that the criminal proceeding was resolved in his favor.

*Id.* at 875-876 (internal quotations and citations omitted).

Wiencek argues that the fourth element prevents summary judgment

in Robinson's favor because the dismissal of his charges without prejudice cannot be considered a resolution in his favor. [ECF No. 25, PageID.100]. But "[t]here is no binding precedent in this circuit as to whether a dismissal without prejudice can constitute a favorable termination for § 1983 purposes." *Parnell v. City of Detroit*, 786 F. App'x 43, 51 (6th Cir. 2019). In *Parnell*, the Sixth Circuit endorsed the test for favorable termination from the Restatement (Second) of Torts §§ 659, 660 (1977). *Id.* Under the Restatement, formal abandonment of a prosecution by the prosecutor constitutes a termination in favor of the accused unless the charge was withdrawn or the prosecution abandoned (1) under an agreement with the accused; (2) due to misconduct on the part of the accused to prevent proper trial; (3) out of mercy requested or accepted by the accused; or (4) new proceedings for the same offense were properly instituted and were not been terminated in favor of the accused. Restatement (Second) of Torts §§ 659, 660.

 Here, the prosecution was dismissed in the "interest of justice," with no indication of whether the dismissal was under an agreement or out of mercy. [ECF No. 25-4, PageID.119; ECF No. 25-5, PageID.122]. Thus, dismissal of Robinson's criminal charge might have been a resolution in his favor. Even so, Robinson does not meet other elements of a malicious

6

prosecution claim.  He neither alleges nor presents evidence that the officers made, influenced or participated in the decision to prosecute him, or that he was prosecuted without probable cause.  With the proofs before the Court, Robinson could not withstand a motion for summary judgment filed by the defendants on a malicious prosecution claim, let alone meet the higher threshold for prevailing as a moving party with the burden of proof. *See Wright*, 962 F.3d at 875-76; Rule 56(a); *Horton*, 2019 WL 2219733 at *3.  His request for summary judgment in his favor on that claim should be denied.

## IV. CONCLUSION

The Court therefore **RECOMMENDS** that Robinson's motion for summary judgment [ECF No. 24] be **DENIED**.

Dated: December 30, 2020  s/Elizabeth A. Stafford
Detroit, Michigan  ELIZABETH A. STAFFORD
United States Magistrate Judge

## NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party fails to timely file specific objections, any further appeal

is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 30, 2020.

s/Marlena Williams<br>
MARLENA WILLIAMS<br>
Case Manager