UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELIJAH ROBINSON,

          Plaintiff,

v.

DETROIT POLICE DEPT.,
*et al.*,

          Defendants.

Civil Action No.: 19-10517
Honorable Mark A. Goldsmith
Magistrate Judge Elizabeth A. Stafford

_____/

**REPORT AND RECOMMENDATION TO DISMISS COMPLAINT WITH
PREJUDICE FOR FAILURE TO PROSECUTE**

**I.    Introduction and Background**

In February 2019, plaintiff Elijah Robinson filed his pro se complaint under 42 U.S.C. § 1983, alleging false arrest and improper detention. ECF No. 1. The Honorable Mark A. Goldsmith dismissed the Detroit Police Department and the Wayne County Jail from the action, but ordered service on the defendant officers. ECF No. 8. Judge Goldsmith then referred the matter to the undersigned for all pretrial proceedings under 28 U.S.C. § 636(b). ECF No. 10.

In July 2021, defendant James Wiencek moved for summary judgment. ECF No. 35. The Court's order requiring a response to that

motion was returned as undeliverable because Robinson had been paroled or discharged from G. Robert Cotton Correctional Facility, his address on record with the Court. ECF No. 36; ECF No. 38. Shortly after Robinson filed his complaint, he was warned of his responsibility under E.D. Mich. LR 11.2 to notify the Court of a change of address and warned that his failure to do so could result in the dismissal of his case. ECF No. 5.

The Court ordered "Robinson to serve notice of his current address to the clerk by October 29, 2021, and show cause in writing why" the complaint should not be dismissed "for his violation of Local Rule 11.2 or for failure to prosecute under Federal Rule of Civil Procedure 41(b)." ECF No. 39. The Court warned, "Failure to timely respond may result in the complaint being dismissed…." *Id*. The order to show cause was also returned as undeliverable. ECF No. 40.

Although Robinson did not notify the Court of his change of address, he listed a new address in Detroit in a "Notice to Clerk" after he was paroled. ECF No. 37. That notice was filed under the name Elyah Olam Bey, but provided no proof of a legal name change. *Id*. The Court thus ordered Robinson to either (1) file proof of that name change or (2) refile

2

his notice and all future pleadings using his legal name, Elijah Robinson.[1] ECF No. 43. Robinson has done neither.[2]

The Court thus recommends that his complaint be dismissed with prejudice for failure to prosecute.

## II. Analysis

If a plaintiff fails to prosecute an action, it can be dismissed either under the Court's inherent power to control its docket or involuntarily under Federal Rule of Civil Procedure 41(b). *Link v. Wabash R. Co.*, 370 U.S. 626, 629-632, (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."). The authority to dismiss a plaintiff's case for failure to prosecute is available to the district court "as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Schafer v. City of Defiance Police Dep't.*, 529 F.3d 731, 736 (6th Cir. 2008) (quoting *Knoll v. AT&T*, 176 F.3d 359, 363 (6th Cir. 1999)). And this Court's local rules provide that when "the parties have taken no action for a reasonable time, the court

---

[1] The Court mailed this order to Robinson at both his address on record, and the Detroit address listed on that pleading. Text-Only Certificate of Service entered 10/26/2021.

[2] The Court thus recommends that ECF No. 37 be stricken.

3

may, on its own motion after reasonable notice or an application of a party, enter an order dismissing . . . the case unless good cause is shown." E.D. Mich. LR 41.2. Dismissal for want of prosecution is ordinarily with prejudice. Rule 41(b); *Link*, 370 U.S. at 629.

The Sixth Circuit has set forth four factors to be used as guidance when deciding whether a case should be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b): "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Knoll*, 176 F.3d at 363. Although Robinson has proceeded *pro se*, and is thus held to less stringent standards, the leniency granted is not boundless. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). "[P]*ro se* litigants are not to be accorded any special consideration when they fail to adhere to readily-comprehended court deadlines." *Bunting v. Hansen*, 05-10116-BC, 2007 WL 1582236 (E.D. Mich. May 31, 2007) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)).

Analysis of the *Knoll* factors supports dismissal. For the first factor, Robinson has failed to respond to defendant's motion, and several of this

4

Court's orders.  He has also failed to provide the Court with an address with which to communicate with him, all of which shows willfulness or fault on Robinson's part.  After invoking the processes of this Court, he had an affirmative duty to apprise the Court of his mailing address and to monitor the docket.  *Yeschick v. Mineta*, 675 F.3d 622, 629 (6th Cir. 2012).  His violation of that duty supports a dismissal for failure to prosecute.  *Id.*

Although there is no evidence that Wiencek was prejudiced by Robinson's inaction, the third and fourth factors also weigh heavily in favor of dismissal.  *See Solomon v. Henry Ford Allegiance Health System*, 2021 WL 1736998, at *2 (E.D. Mich. May 3, 2021) (defendants not prejudiced when their efforts were not due to lack of plaintiff cooperation, but were rather the typical and expected steps when one is served with a complaint) (internal citations and quotations omitted).  As to the third factor, Robinson was warned that his failure to notify the Court of a change of address could result in dismissal of his action.  ECF No. 5; ECF No. 39.  And there is no less drastic sanction available because the Court has no means of communicating with Robinson.  Notwithstanding its attempt to reach Robinson after his parole, the Court has no duty to search for him.  "[I]t is the party, not the court, who bears the burden of apprising the court of any changes to his or her mailing address."  *Yeschick*, 675 F.3d at 630.  Thus,

5

"dismissal is the only appropriate remedy because [Robinson] has effectively abandoned the case." *Gomez v. Deangelo*, 2020 WL 7038612, at *2 (E.D. Mich. April 2, 2020), adopted, 2020 WL 7024862 (E.D. Mich. Nov. 30, 2020) (internal quotations omitted).

### III. Conclusion

For these reasons, the Court **RECOMMENDS** that Robinson's complaint be **DISMISSED WITH PREJUDICE** for failure to prosecute.

s/Elizabeth A. Stafford<br>
ELIZABETH A. STAFFORD<br>
United States Magistrate Judge

Dated: December 13, 2021

### NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains.  Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 13, 2021.

s/Marlena Williams  
MARLENA WILLIAMS  
Case Manager