UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELIJAH ROBINSON,

    Plaintiff,

vs.

DETROIT POLICE DEPARTMENT, et al.,

    Defendants.
_____/

Case No. 19-10517

HON. MARK A. GOLDSMITH

**OPINION & ORDER
(1) OVERRULING DEFENDANT'S OBJECTIONS (Dkt. 47) TO THE MAGISTRATE JUDGE'S REPORT & RECOMMENDATION DATED DECEMBER 13, 2021 (Dkt. 45), (2) ACCEPTING THE RECOMMENDATION CONTAINED IN THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, AND (3) DISMISSING WITH PREJUDICE THE COMPLAINT (Dkt. 1) FOR FAILURE TO PROSECUTE**

This matter is presently before the Court on Plaintiff Elijah Robinson's objections (Dkt. 47) to the Report and Recommendation (R&R) of Magistrate Judge Elizabeth Stafford, issued on December 13, 2021 (Dkt. 45). In the R&R, the magistrate judge recommends that the Court dismiss with prejudice Robinson's complaint (Dkt. 1) for failure to prosecute. Robinson filed objections to the R&R (Dkt. 47). For the reasons stated below, the Court overrules Robinson's objections, adopts the recommendation contained in the magistrate judge's R&R, and dismisses with prejudice the complaint for failure to prosecute.

## I. BACKGROUND

The relevant factual background is set forth in the magistrate judge's R&R. See R&R at 1–3. In February 2019, Robinson brought this 42 U.S.C. § 1983 action against the Detroit Police Department, two police officers, and Wayne County Jail, alleging false arrest and improper detention. Compl. Shortly after filing his complaint, Robinson was informed of his obligation

under Local Rule 11.2 to notify the Court of any change of address and told that failure to do so could result in the dismissal of his case. 2/28/19 Notice (Dkt. 5). Pursuant to 28 U.S.C. § 636(b), this Court referred the matter to the magistrate judge for all pretrial proceedings. 4/10/19 Order (Dkt. 10). In July 2021, Defendant James Wiencek filed a motion for summary judgment. Mot. (Dkt. 35). The magistrate judge issued an order requiring a response to the motion. 7/13/21 Order (Dkt. 36). This order was mailed to Robinson but returned as undeliverable because Robinson had been discharged or paroled from the correctional facility where he was previously incarcerated and whose address was Robinson's address of record with the Court (Dkt. 38). The magistrate judge then issued an order directing Robinson to "to serve notice of his current address to the clerk by October 29, 2021, and show cause in writing why this Court should not dismiss the complaint for his violation of Local Rule 11.2 or for failure to prosecute under Federal Rule of Civil Procedure 41(b)." 10/5/21 Order (Dkt. 39). The order informed Robinson that failure to timely respond may result in the complaint being dismissed. Id. The order was mailed to Robinson but returned as undeliverable (Dkt. 40).

After Robinson was paroled, he did not notify the Court of a change of address, but he listed a new address in a "Notice to Clerk" (Dkt. 37). He filed this notice under a different name but did not provide proof of a legal name change. The magistrate judge ordered Robinson to either file proof of a legal name change or refile the notice and all future pleadings using his legal name. 10/26/21 Order (Dkt. 43). Robinson did neither.

The magistrate judge issued an R&R, recommending that the complaint be dismissed with prejudice for failure to prosecute. Robinson filed objections (Dkt. 47).

## II. ANALYSIS

A district court judge reviews de novo the portions of the R&R to which timely objections

2

have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Only those objections that are specific are entitled to a de novo review under the statute. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." Id. An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 509 (6th Cir. 1991); see also Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995) (explaining that objections that "disputed the correctness of the magistrate's recommendation but failed to specify the findings that [the objector] believed were in error" were summary in nature and, therefore, invalid).

Robinson does not make a specific objection to the magistrate judge's recommendation and, therefore, any objection to the recommendation is invalid. He simply states that he "wish[es] for the matter to remain docketed, and the prosecution to continue" and that he is an "injured party in this matter" who "wish[es] for justice to take its course." Obj. at 2. Robinson also does not ask for an extension of time to file more specific objections. Instead, he merely states that he desires the case to remain on the docket and the court to "show grace due to the hardship" that he is facing. Id. None of these statements amounts to a request to file more specific objections.

In addition, Robinson states that he has been extremely ill for the past two and a half months. Id. But this statement about an illness, which is not described, does not explain why Robinson ignored previous orders of the Court, including the magistrate judge's order issued on July 13, 2021 requiring Robinson to respond to Defendant Wiencek's motion for summary judgment by August 2, 2021. This order was issued—and the response was required—well over

3

two-and-a-half months ago.

Further, the magistrate judge's recommendation is well-supported. If a plaintiff fails to prosecute an action, the action can be dismissed under the Court's inherent power to control its docket or under Rule 41(b). Link v. Wabash R. Co., 370 U.S. 626, 629–632 (1962). The United States Court of Appeals for the Sixth Circuit has set out four factors to consider when determining whether a case should be dismissed for failure to prosecute under Rule 41(b). See Knoll v. AT&T, 176 F.3d 359, 363 (6th Cir. 1999). These include: (i) whether the party's failure is due to "willfulness, bad faith, or fault," (ii) whether the adversary was prejudiced by the dismissed party's conduct, (iii) whether the dismissed party was warned that failure to cooperate could lead to dismissal, and (iv) whether "less drastic sanctions were imposed or considered before dismissal was ordered." Id.

As the magistrate judge explained, these factors support dismissal. Regarding the first factor, Robinson failed to respond to Wiencek's motion for summary judgment and to several of the magistrate judge's orders, and he failed to provide the Court with his new address. While the magistrate judge determined that Wiencek was not prejudiced by Robinson's inaction, she concluded that the third and fourth factors also support dismissal. Robinson was notified shortly after filing his complaint and again through the magistrate judge's October 2021 show cause order that failure to notify the Court of a change of address could result in dismissal of this action. 2/28/19 Notice; 10/5/21 Order. "[I]t is the party, not the court, who bears the burden of apprising the court of any changes to his or her mailing address." Yeschick v. Mineta, 675 F.3d 622, 630 (6th Cir. 2012). There is no less drastic sanction because the Court has been unable to communicate with Robinson—a pattern that continues, as the magistrate judge's R&R sent to Robinson was returned as undeliverable (Dkt. 46). Accordingly, the Court agrees with the

4

magistrate judge's conclusion that because Robinson "effectively abandoned the case," "dismissal is the only appropriate remedy." Morley v. Comm'r of Soc. Sec., No. 12-14653, 2013 WL 2051326, at *1 (E.D. Mich. May 14, 2013).

### III. CONCLUSION

For the reasons stated above, the Court overrules Robinson's objections (Dkt. 47), adopts the recommendation contained in the magistrate judge's R&R (Dkt. 45), and dismisses with prejudice the complaint (Dkt. 1) for failure to prosecute.

SO ORDERED.

Dated: January 11, 2022  s/Mark A. Goldsmith
Detroit, Michigan  MARK A. GOLDSMITH
United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 11, 2022.

s/Karri Sandusky
KARRI SANDUSKY
Case Manager